PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

EDWARD A. MIGHTY,

        Plaintiff,

-v-                                                  21-CV-6487-FPG
                                                         ORDER
THEODORE SIGUENZA, ATTORNEY,
ROBERT MARANGOLA, GOVERNMENT
ATTORNEY, HON. MARIAN W. PAYSON,
MAGISTRATE JUDGE,

        Defendants.

───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff, Edward A. Mighty, a prisoner currently incarcerated at the Elkton Federal Correctional Facility, filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges Defendants Attorney Theodore Siguenza, Assistant U.S. Attorney Robert Marangola ("AUSA Marangola") and U.S. Magistrate Judge Marian W. Payson violated his constitutional rights, as more particularly described in the Complaint. The Court notes that Plaintiff's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 ("Habeas Petition") is still pending in this District. *U.S.A. v. Mighty*, 15-cr-6109, ECF No. 194.

For the reasons that follow, Plaintiff's Complaint will be dismissed under 28 U.S.C. § 1915A.

## DISCUSSION

Plaintiff has paid the filing fee in full. Therefore, under 28 U.S.C. § 1915A, this Court must screen this Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

1

2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I.   The Complaint

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the

notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, n.11 (2d Cir. 2004).

A liberal reading of the Complaint and attached documents, assumed to be true, tells the following story. Plaintiff was arrested on February 10, 2015 by state and federal officers. *Mighty v. Siguenza*, 21-cv-6487, ECF No. 1 at 4. On February 13, the state charges were dropped and the federal government "filed another complaint." *Id.* Plaintiff was thereafter detained "for numerous months without preliminary hearings, detention hearings nor indictment." *Id.* Plaintiff was charged with "conspiracy to distribute narcotics, drug trafficking and gun possession," pleaded guilty and sentenced to 300 months imprisonment. *Id.*; see also *U.S.A. v. Mighty*, 15-cr-6109, ECF No. 142; ECF No. 167. Plaintiff was represented by Mr. Siguenza. *Mighty v. Siguenza*, 21-cv-6487, ECF No. 1 at 4.

Plaintiff alleges that Defendants collectively and wrongfully deprived Plaintiff of his liberty without due process of the law. *Id.* Specifically, Plaintiff alleges that Mr. Siguenza was not licensed or otherwise admitted to a bar of the federal court "during the initial appearance Feb[ruary] 20, 2015, and the dates he began filing adjournments or continuances starting March 6, 2015." *Id.* at 4-5. Plaintiff alleges AUSA Marangola knew that Plaintiff's due process rights were being violated, engaged in prosecutorial misconduct and maliciously prosecuted him. *Id.* at 5. Plaintiff states that Magistrate Judge Payson wrongly granted continuations "knowing that [Plaintiff] never waived his rights to any proceedings." *Id.*

## II.     Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."

3

*Whalen v. Cty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

**A. Claims Against Mr. Siguenza**

Plaintiff has named Mr. Siguenza, an attorney who represented Plaintiff during his criminal proceedings, as a Defendant in this Section 1983 action. In order to support a Section 1983 claim, the defendant must be acting under "color of state law." It is well established, however, that an attorney representing a client in a criminal trial, whether that attorney is a public defender, legal aid attorney or court-appointed counsel, is not acting under the color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). Here, Plaintiff has made no argument that Mr. Siguenza was an employee of, or contracted with, the state. Thus, the Complaint must be dismissed as to this Defendant because he was not acting under "color of state law" and therefore no § 1983 claim against him may be maintained.

Additionally, and liberally construing Plaintiff's Complaint, the Court views Plaintiff's allegations as stating a Fifth Amendment violation of the right to counsel. However, Plaintiff's conclusory, unsupported allegations that Mr. Siguenza was unlicensed and not admitted to the bar of the federal court are inadequate to support a claim of a constitutional violation. Rather, such allegations, if true, seem to support a claim of malpractice or a claim more properly raised in a petition for habeas corpus. A malpractice claim is a claim of negligence which belongs in state court and the Supreme Court has held that a habeas corpus claim does not constitute a cognizable cause of action under Section 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff has made no claim that his conviction has been invalidated or called into question by a writ of habeas corpus—indeed, his Habeas Petition is still pending before this Court. *U.S.A. v. Mighty*, 15-cr-6109, ECF No. 194. Therefore, his claim must be dismissed as to this Defendant for this reason as well.[1]

## B. *Bivens* Action

Plaintiff also names AUSA Marangola and Magistrate Judge Payson as Defendants in this action. These Defendants are employees of the federal government, and, as such, are not deemed persons acting under color of state law pursuant to 42 U.S.C. § 1983. Section 1983 provides

---

[1] Disposition of a case on *Heck* grounds "warrants only dismissal without prejudice, because the suit may be reinstituted should Plaintiff's conviction be expunged by executive order, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus." *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999).

redress for individuals who have been injured by a person acting under color of state law; it does not create a cause of action against persons who act under color of federal law. 42 U.S.C. § 1983 (1993); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971) (Harlan, J., *concurring*).

In order to state a valid claim under *Bivens*,[2] a plaintiff must allege "that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). Accordingly, and in view of Plaintiff's *pro se* status, the Court will construe his § 1983 claims against the federal defendants as claims under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109, 109-10 (2d Cir. 1995).

### 1. Malicious Prosecution

Plaintiff claims AUSA Marangola maliciously prosecuted him in violation of his constitutional rights. To state a claim for malicious prosecution, a plaintiff must show that the defendant's conduct was tortious under state law and resulted in a constitutionally cognizable deprivation of liberty. *See Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). This requires a plaintiff to show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice. *See Colon v. City of New York*, 60 N.Y.2d 78 (1983).

Here, Plaintiff's cannot establish that the proceeding has terminated in his favor. Indeed, Plaintiff pleaded guilty to conspiracy to possess with intent to distribute and to distribute 5

---

[2] *Bivens* itself involved an alleged Fourth Amendment violation alleging an unlawful search and seizure by agents of the Federal Bureau of Narcotics. The Court recognized that a valid cause of action under the Fourth Amendment could be brought against agents of the federal government. The Supreme Court has since extended *Bivens's* implied right of action in only two circumstances: *Davis v. Passman*, 442 U.S. 228 (1979) and *Carlson v. Green*, 446 U.S. 14 (1980). *Davis* involved an allegation that the plaintiff, Deputy Administrative Assistant, was fired by a United States Congressman based on her gender. The Court held that a cause of action for damages under the Fifth Amendment alleging sex discrimination could be stated. *Davis*, 442 U.S. at 246-49. *Carlson* involved a claim that the plaintiff's son suffered personal injuries at the hand of federal prison officials that led to his death. The Court allowed an Eighth Amendment claim to proceed against the federal prison officials. *Carlson*, 446 U.S. at 24-25.

kilograms or more of cocaine and 280 grams or more of cocaine base, and possession of firearms in furtherance of a drug trafficking crime. *U.S.A. v. Mighty*, 15-cr-6109, ECF No.142; ECF No. 167. He was sentenced to 300 months imprisonment. ECF No. 168. On appeal, the Second Circuit declined to hear Plaintiff's ineffective assistance of counsel claim in order to permit him to raise the issue as part of a subsequent petition for writ of habeas corpus. ECF No. 177. Plaintiff's Habeas Petition, in which he raises ineffective assistance of counsel claims, is still pending. ECF No. 194. Accordingly, Plaintiff cannot establish the proceeding has terminated in his favor, and this claim must be dismissed

### 2. Defendants are Immune from Suit

Plaintiff alleges that Defendants AUSA Marangola and Magistrate Judge Payson violated his constitutional rights. Specifically, Plaintiff claims that AUSA Marangola engaged in prosecutorial misconduct and Magistrate Judge Payson wrongfully granted continuations. The Court finds that these Defendants are immune from suit and any claim against them must be dismissed with prejudice.

"[A]bsolute immunity protects a prosecutor from . . . liability for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court defined the scope of prosecutorial immunity "not by the identity of the actor, but by reference to the 'function' performed." *Warney v. Monroe County*, 587 F.3d 113, 121 (2d Cir. 2009) (quoting *Imbler*, 424 U.S. at 430). Under this functional approach, prosecutors are immune from liability for acts that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. By contrast, "[a] prosecutor's administrative duties and those investigatory functions that do

not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Similarly, it is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Id.* at 10 (internal quotation marks omitted). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), even though "unfairness and injustice to a litigant may result on occasion." *Mireles*, 502 U.S. at 9. The Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson*, 386 U.S. at 547. As alleged, AUSA Marangola and Judge Payson are immune from suit, and these claims must be dismissed with prejudice.

### C. Leave to File an Amended Complaint Denied

While it is the usual practice to allow leave to replead a deficient complaint, such leave may be denied where, as here, amendment would be futile. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) ("Leave to amend need not be granted, however, where the proposed amendment would be futil[e]"); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend"). Accordingly, Plaintiff's Complaint is dismissed in its entirety.

## CONCLUSION

For the reasons discussed above, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's Complaint is dismissed with prejudice, except to the extent that his conviction may later be invalidated or overturned. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's Complaint is dismissed with prejudice, except to the extent that Plaintiff's conviction may later be invalidated or overturned;

FURTHER, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED: September __, 2021
Rochester, NY

_____
Frank P. Geraci, Jr.
United States District Judge